UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| STEAVY R. CLARK | CIVIL ACTION NO. 17-cv-1255 |
| VERSUS | JUDGE DOUGHTY |
| CLECO POWER, LLC | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

**Introduction**

Steavy R. Clark ("Plaintiff"), who is self-represented, filed this employment discrimination action against Cleco Power, LLC. Plaintiff alleges that Cleco, his employer, discriminated against him based on his race. Before the court is Cleco's Motion to Dismiss (Doc. 7) on the grounds that Plaintiff has not timely served his complaint. For the reasons that follow, it is recommended that the motion be granted.

**Relevant Facts**

This matter began when Plaintiff filed a charge of discrimination with the EEOC. The Agency stated that it was unable to conclude that the information obtained during its investigation established a violation of the relevant statutes. Plaintiff then commenced this action by filing a complaint on a form provided by the court. He alleged that white employees were hired and promoted over black employees, a noose was displayed with little or no disciplinary action, and he was passed over for several jobs when he was more qualified than the white applicants who got the jobs.

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Local Rule 41.3 contains a similar provision. Cleco filed its motion to dismiss 91 days after the complaint was filed. It represented that it had not been served and asked that the court dismiss the complaint pursuant to those rules.

It had been more than 90 days since the complaint was filed, but the Clerk of Court had issued summons only three weeks earlier due to delays associated with processing a motion to proceed in forma pauperis and the collection of the filing fee. Furthermore, the court had issued an outdated instruction form with the summons that mistakenly advised Plaintiff that he had 120 days to make service.

A court may extend the time under the rules on a showing of good cause. The court also has discretion to extend the time for service even when there is not a showing of good cause. Thrasher v. City of Amarillo, 709 F.3rd 509, 510 (5th Cir. 2013). Considering the circumstances, the court found that it was warranted in exercising its discretion to extend the time for completing service. Plaintiff was allowed until March 29, 2018 to file evidence of service on Cleco Power, LLC. The court cited Plaintiff to the rules for making service and noted the names and address for two registered agents for Cleco that are listed by the Secretary of State. The court warned Plaintiff that this is not an informal agency proceeding, and it will require significantly more time and effort from him than the less formal agency proceedings before the EEOC.

"A litigant's pro se status neither excuses his failure to effect service nor excuses him for lack of knowledge of the Rules of Civil Procedure." Thrasher, 709 F.3d at 512. Despite the information provided by the Clerk of Court, and the court's reference to the rules and identification of the agents for service, Plaintiff has not filed evidence of valid service of process by the March 29 deadline. He did file a response (Doc. 13), but it does not appear to be valid service. It is simply a letter bearing the caption of this suit and addressed to "To Whom it May Concern." The letter references the EEOC case number and says that Plaintiff is "informing Cleco, LLC that I'm appealing the EEOC decision to the Western District of Louisiana Court." Attached is a certified mail receipt that indicates the letter was mailed to Cleco Power, LLC at a P. O. Box in Pineville, and it was signed as received on March 20, 2018.

There is no evidence of record that Plaintiff delivered a summons and complaint to a registered agent for Cleco or any other person authorized to receive service. The mere delivery of a letter or other informal notice to the defendant, even if the plaintiff is pro se, is not sufficient to effect valid service. Robinson v. Fleet, 2016 WL 8376308 (W.D. La. 2016); Marquar v. NBank N.A., 2014 WL 12700976 (S.D. Miss. 2014).

The undersigned rarely recommends dismissal for failure to make timely service if the delay is brief and there has been no actual prejudice to the defendant, but in this case Plaintiff has simply not demonstrated that he has the ability or willingness to comply with the simple rules for service. And if he is unable to accomplish that initial step in the lawsuit, it is unlikely that he could comply with the more demanding aspects of litigation such as conducting discovery, the filing or opposing of motions, and related matters. If there

appeared to be any realistic possibility that Plaintiff could accomplish service within a reasonable time, the court would afford another reasonable extension of time to do so, but there is simply no basis of record to believe that Plaintiff would comply with the service requirements no matter how much time was afforded. Dismissal without prejudice is appropriate under these circumstances.

Accordingly,

**IT IS RECOMMENDED** that Cleco's **Motion to Dismiss (Doc. 7)** be **granted** and that all claims against Cleco Power, LLC be **dismissed without prejudice** for failure to make timely service.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 19th day of April, 2018.

Mark L. Hornsby
U.S. Magistrate Judge